## Case No. 17,661.

The WILKESBARRE COAL & IRON CO., 129.

[5 Ben. 482.] [1]

District Court, S. D. New York.  Jan., 1872.

### DEMURRAGE.

Cargo was shipped on a barge at Philadelphia to be brought to New York and there delivered to the ship L. The barge delayed on the voyage to New York, and failed to deliver the cargo to the L. as soon as the shipper had contracted to deliver it to her, and he filed a libel against the barge to recover, as damages for the delay, demurrage for which it was alleged he had become liable to the L.  *Held*, that, as it did not appear that any legal claim for demurrage existed against the libellant in respect of any delay in putting on board the L. the cargo in question, or that any such demurrage had been paid, the libel must be dismissed.

The libel in this case alleged that the libellant was under a contract with the ship Levanter to deliver to her, on or before April 21st, 1869, certain machinery, the ship being in the port of New York, bound for Callao: that, on April 17th, he shipped the machinery, at Philadelphia, on the barge, to be carried to New York and delivered to the Levanter: that she wrongfully delayed, so that she did not deliver the machinery to the Levanter till April 28th; and that he thereby became liable to the owners of the Levanter for seven days' demurrage, at $115 a day, for which sum, as damages, he sought to hold the barge.

T. Scudder, for libelant.

C. M. Da Costa and O. E. Bright, for claimants.

BLATCHFORD, District Judge. In this case a decree must be entered dismissing the libel, with costs, on the ground that it is not shown affirmatively by the libellant, that he paid anything for demurrage caused by the delay of the barge in transporting the machinery in question to New York. Although it is shown that he paid some demurrage to the charterers of the Levanter, yet it is not shown that any legal claim for demurrage in fact existed against the libellant, in respect of any delay in putting on board of the Levanter the machinery in question.

WILKESON (STANTON v.). See Case No. 13,299.

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]